IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| ROBERT GREENE, et al.,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES, et al.,<br><br>    Defendants-Appellees. | No. 25-2309 |

**MOTION TO HOLD CASE IN ABEYANCE**

    The government respectfully requests that this case be placed in abeyance in light of the Supreme Court's grant of the petition for a writ of certiorari in *United States v. Hemani*, which concerns a Second Amendment challenge to the same statutory provision at issue here. Plaintiffs take no position on this motion.

    1. This case involves a Second Amendment challenge to 18 U.S.C. § 922(g)(3), which prohibits the possession of firearms by unlawful users of controlled substances. The district court denied plaintiffs' request for a preliminary injunction and plaintiffs appealed. Plaintiffs' opening brief has been filed, and the government's response brief is currently due on November 3, 2025, as extended.

    2. Earlier this week, the Supreme Court indicated that it would resolve a

Second Amendment challenge to the same statute at issue here. In *United States v. Hemani*, the Fifth Circuit concluded that Section 922(g)(3) is unconstitutional in some applications. No. 24-40137, 2025 WL 354982 (5th Cir. Jan. 31, 2025). The government petitioned for a writ of certiorari, and, on October 20, 2025, the Supreme Court granted that petition. *See United States v. Hemani*, No. 24-1234, 2025 WL 2949569 (U.S.). The case is set to be argued and decided this Term.

Given that the Supreme Court is currently considering a Second Amendment challenge to the same statutory provision at issue here, an abeyance is appropriate. Placing this case in abeyance will ensure that the parties and this Court do not expend resources litigating and deciding an issue that will be resolved (or at least substantially influenced) by the Supreme Court's decision in *Hemani*. In similar circumstances, this Court has often placed appeals in abeyance. *See, e.g.*, *Mateo v. Att'y Gen. United States*, 870 F.3d 228, 231 (3d Cir. 2017); *King v. Advance Am.*, 415 F. App'x 399, 402 (3d Cir. 2011); *Weil Ceramics & Glass, Inc. v. Dash*, 878 F.2d 659, 664 (3d Cir. 1989). The same result is warranted here.

3. An abeyance is particularly appropriate in light of the ongoing lapse in appropriations. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired and appropriations to the Department lapsed. The Department does not know when funding will be

restored by Congress.  Absent an appropriation, Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property."  31 U.S.C. § 1342.

4. Counsel for plaintiffs have indicated that plaintiffs take no position on this motion.

Respectfully submitted,

MICHAEL S. RAAB

*/s/ Steven H. Hazel*
STEVEN H. HAZEL

*Attorneys, Appellate Staff*
*Civil Division*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
(202) 514-2498

October 21, 2025

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 433 words, according to the count of Microsoft Word.

/s/ *Steven H. Hazel*
STEVEN H. HAZEL