

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

July 9, 2026

**By ECF**

Patricia S. Dodszuweit, Clerk of Court
U.S. Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: *Greene v. Attorney General*, No. 25-2309

Dear Ms. Dodszuweit:

The government respectfully submits this response to the Court's order directing the government to address how the Supreme Court's recent decision in *United States v. Hemani*, 608 U.S. ---, 2026 WL 1751710 (2026), affects this appeal. *See* Nov. 5, 2025, Order. For the reasons below, the district court's judgment should be vacated and this case remanded for further proceedings in light of *Hemani*.

1. This case involves a Second Amendment challenge to 18 U.S.C. § 922(g)(3), which prohibits the possession of firearms by unlawful users of controlled substances. The plaintiffs are an organization and two individuals who seek to possess firearms while using marijuana consistent with state law. Dkt. No. 7, at 5-7 (Am. Compl.). Plaintiffs bring facial and as-applied challenges to Section 922(g)(3) and request declaratory and injunctive relief. *Id.* at 32-33.

On the government's motion, the district court dismissed plaintiffs' complaint and entered final judgment. Dkt. No. 43. After plaintiffs appealed and filed their opening brief, this Court placed the appeal in abeyance in light of the Supreme Court's grant of the petition for a writ of certiorari in *Hemani*. *See* Nov.

1

5, 2025, Order. When the Supreme Court issued its decision, this Court lifted the abeyance in this case and entered a briefing schedule under which the government's response brief is due on July 30.

2. In *Hemani*, the Supreme Court held that the government had not carried its burden to show that Section 922(g)(3), which "bans an individual from possessing a gun from the moment he becomes an unlawful user of any controlled substance until he ceases being one," complied with the Second Amendment as applied to the respondent there. 2026 WL 1751710, at *5, *12. To justify Section 922(g)(3)'s constitutionality, the government had relied on three types of "habitual drunkard" laws: vagrancy laws, civil-commitment laws, and surety laws. In the Court's view, those laws "differ dramatically" from Section 922(g)(3) because "[t]hey targeted different kinds of people, did so for different purposes, and operated in different ways." *Id.* at *6.

The Court emphasized, however, that "[i]n many respects" its decision "is a narrow one." *Hemani*, 2026 WL 1751710, at *11. Its opinion did not address Section 922(g)(3)'s application to "addicts" or to "those presently intoxicated." *Id.* And the Court left open the possibility that "the government could bring a prosecution under § 922(g)(3) accompanied by individualized proof that the defendant's use of marijuana (or any other drug) renders him a danger to himself or others" or by "proof that a certain drug always renders its users dangerous because of its potency or some other reason." *Id.*

3. In light of *Hemani*, the district court's judgment should be vacated and this case remanded for further proceedings. When the district court dismissed plaintiffs' complaint, it did not have the benefit of *Hemani* or any other binding precedent addressing a Second Amendment challenge to Section 922(g)(3). Now that the Supreme Court has decided *Hemani*, it is appropriate that the district court be permitted to apply that precedent in the first instance. Given this straightforward basis for vacating the judgment and given the government's agreement that vacatur is appropriate, the government does not believe that further appellate briefing is necessary.

Contrary to plaintiffs' suggestion, *Hemani* provides no occasion to "reverse the judgment of the district court" and hold Section 922(g)(3) (and related statutory and regulatory provisions) "facially unconstitutional" or "unconstitutional as

applied." Pls.' Rule 28(j) Ltr. re *Hemani* 1. As discussed, *Hemani* expressly leaves open the possibility that Section 922(g)(3) is constitutional in a variety of applications. *See* 2026 WL 1751710, at \*11. Whether plaintiffs fit within one of those categories is for the district court to determine in the first instance, after briefing and any appropriate factual development.

Sincerely,

*/s/ Steven H. Hazel*
Steven H. Hazel

cc: All counsel (via CM/ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I electronically filed the foregoing response with the Clerk of the Court of the U.S. Court of Appeals for the Third Circuit using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

*/s/ Steven H. Hazel*
Steven H. Hazel

4