# IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

ROBERT GREENE, et al.,

        Plaintiffs-Appellants,

           v.

ATTORNEY GENERAL OF THE UNITED STATES, et al.,

        Defendants-Appellees.

No. 25-2309

## UNOPPOSED MOTION TO REMAND AND TO TOLL THE BRIEFING SCHEDULE

Pursuant to Circuit Rule 27.4, the government respectfully moves for this Court to vacate the district court's judgment and remand for further proceedings in light of the Supreme Court's recent decision in *United States v. Hemani*, 146 S. Ct. 1677 (2026). The government further requests that the existing briefing deadline be tolled for 60 days to allow this Court to consider this motion, as discussed below. Plaintiffs do not oppose the relief requested in this motion.

## BACKGROUND

This case involves a Second Amendment challenge to 18 U.S.C. § 922(g)(3), which prohibits the possession of firearms by unlawful users of

controlled substances.  The plaintiffs are an organization and two individuals who seek to possess firearms while using marijuana consistent with state law. Dkt. No. 7, at 5-7 (Am. Compl.).  Plaintiffs bring facial and as-applied challenges to Section 922(g)(3) and request declaratory and injunctive relief. *Id*. at 32-33.

On the government's motion, the district court dismissed plaintiffs' complaint and entered final judgment.  Dkt. No. 43.  After plaintiffs appealed and filed their opening brief, this Court placed the appeal in abeyance in light of the Supreme Court's grant of the petition for a writ of certiorari in *Hemani*. *See* Nov. 5, 2025, Order.  When the Supreme Court issued its decision, this Court lifted the abeyance in this case and entered a briefing schedule.  Under the current schedule, the government's response brief is due on August 31, 2026.

## ARGUMENT

The government respectfully requests that the district court's judgment be vacated and the case remanded for further proceedings in light of *Hemani*.

1. In *Hemani*, the Supreme Court held that the government had not carried its burden to show that Section 922(g)(3), which "bans an individual

from possessing a gun from the moment he becomes an unlawful user of any controlled substance until he ceases being one," complied with the Second Amendment as applied to the respondent there. 146 S. Ct. at 1686, 1694. To justify Section 922(g)(3)'s constitutionality, the government had relied on three types of "habitual drunkard" laws: vagrancy laws, civil-commitment laws, and surety laws. In the Court's view, those laws "differ dramatically" from Section 922(g)(3) because "[t]hey targeted different kinds of people, did so for different purposes, and operated in different ways." *Id.* at 1687.

The Court emphasized, however, that "[i]n many respects" its decision "is a narrow one." *Hemani*, 146 S. Ct. at 1693. Its opinion did not address Section 922(g)(3)'s application to "addicts" or to "those presently intoxicated." *Id.* And the Court left open the possibility that "the government could bring a prosecution under § 922(g)(3) accompanied by individualized proof that the defendant's use of marijuana (or any other drug) renders him a danger to himself or others" or by "proof that a certain drug always renders its users dangerous because of its potency or some other reason." *Id.*

2. In light of *Hemani*, the district court's judgment should be vacated and this case remanded for further proceedings. When the district court

3

dismissed plaintiffs' complaint, it did not have the benefit of *Hemani* or any other binding precedent addressing a Second Amendment challenge to Section 922(g)(3). Now that the Supreme Court has decided *Hemani*, it is appropriate that the district court be permitted to apply that precedent in the first instance. Given this straightforward basis for vacating the judgment and given the government's agreement that vacatur is appropriate, the government does not believe that further appellate briefing is necessary.

*Hemani* provides no occasion to "reverse the judgment of the district court" and hold Section 922(g)(3) (and related statutory and regulatory provisions) "facially unconstitutional" or "unconstitutional as applied." Pls.' Rule 28(j) Ltr. re *Hemani* 1. As discussed, *Hemani* expressly leaves open the possibility that Section 922(g)(3) is constitutional in a variety of applications. *See* 146 S. Ct. at 1693. Whether plaintiffs fit within one of those categories is for the district court to determine in the first instance, after briefing and any appropriate factual development.

3. Under the current briefing schedule, the government's response brief is due on August 31, 2026. Because the relief requested in this motion would render further briefing unnecessary, the government respectfully requests

that the briefing deadline be tolled for 60 days to permit the Court to consider this motion.

4. Counsel for plaintiffs has indicated that plaintiffs do not oppose the relief requested in this motion.

Respectfully submitted,

*s/ Steven H. Hazel*
STEVEN H. HAZEL
*Attorney, Appellate Staff*
*Civil Division, Room 7217*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*Illinois Bar No. 6332792*
*(202) 514-2498*
*steven.h.hazel@usdoj.gov*

August 2026

**CERTIFICATION OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Calisto MT, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 725 words, according to the count of Microsoft Word.

_/s/ Steven H. Hazel_
STEVEN H. HAZEL